AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ADAM DANDACH | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>SA14-252M |

Complaint for violation of Title 18, United States Code, Section 1542

| NAME OF MAGISTRATE JUDGE<br>HONORABLE ARTHUR NAKAZATO | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Santa Ana, California |
|---|---|---|

| DATE OF OFFENSE<br>July 2, 2014 | PLACE OF OFFENSE<br>Orange County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

**SEE ATTACHMENT**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUL - 3 2014
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>SIDDHARTHA PATEL /S/<br>OFFICIAL TITLE<br>Special Agent – FBI |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br>ARTHUR NAKAZATO<br>United States Magistrate Judge | DATE<br>July 3, 2014 |
|---|---|

(1) See Federal Rules of Criminal Procedure 3 and 54

AUSA C. CORLETTE x3541    REC: Detention

AFFIDAVIT

I, Siddhartha Patel, being duly sworn, declare and state as follows:

I. INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since March 2003. I am currently assigned to the Orange County Joint Terrorism Task Force (JTTF) at the Orange County Resident Agency (OCRA) of the Los Angeles Field Division. Since entering duty, I have conducted numerous investigations into terrorism-related activities. As a result of my experience in counterterrorism investigations, I am familiar with strategy, tactics, methods, tradecraft, and techniques of terrorists and their agents. I graduated from Carnegie Mellon University with a Bachelor of Science degree in Industrial Management and a Master of Science degree in Public Policy and Management. I have attended numerous trainings regarding counterterrorism strategies and international terrorism. I have also worked with other agencies involved in counterterrorism, traveled overseas in connection with sensitive counterterrorism matters, and interviewed individuals associated with terrorism.

2. This affidavit is made in support of a request for a criminal complaint and arrest warrant for Adam Dandach ("Dandach") for violating 18 U.S.C. § 1542, Passport Fraud.

3. A person violates, 18 U.S.C. § 1542, if he,

> willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or
> Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement.

4. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statement described in this affidavit are related in substance and in part only.

II.   STATEMENT OF PROBABLE CAUSE

5. I have reviewed a copy of what I believe to be a June 17, 2014, Passport Application. I understand it to show that Dandach applied for an *expedited* U.S. passport from the U.S. Department of State to replace his original passport issued in December 2013. In his 2014 application he declared under

penalty of perjury that the basis for requesting a replacement passport was the following:

> I lost my passport on June 15, 2014. I mistakenly threw it away when I was cleaning a drawer of mine filled with old papers and folders and my passport was in between them. I realized this after a few hours but the trash bag of papers was already taken by the garbage truck go it was too late for me to recover it.

The form included the declaration stating, in part, "I declare under penalty of perjury all of the following . . . the statements made on the application are true and correct; . . . I have not knowingly and willfully made false statements . . . in support of this application." Dandach signed the application under this declaration.

6. On July 2, 2014, I have personally spoken to FBI agents and a Task Force Officer who told me the following occurred:

   a. On July 2, 2014, FBI agents encountered Dandach at the Orange County Airport, Santa Ana, California, attempting to board a flight to Istanbul, Turkey. Dandach had in his possession the replacement passport issued June 16, 2014. Agents interviewed Dandach regarding his previous passport and the replacement passport. Dandach told agents the same story that he had sworn in his passport application. Dandach claimed, in summary, that in June 2014, he accidently gathered documents that unknowingly contained his passport, and he threw it in the trash where he was unable to retrieve it. When Agents told Dandach

to tell the truth about the application, he repeated to agents the same story that he had accidently thrown it in the trash in June 2014.

7. On July 2, 2014, I personally spoken to FBI agents and learned the following:

   a. Later the same day, July 2, 2014, FBI agents interviewed Dandach's brother, Ghassan Ghannoum ("Ghassan"). He stated that in December 2013, Dandach made reservations to fly overseas on Christmas, December 25, 2013. On or about December 23, 2013, Dandach told his mother, Sawsan Ghannoum ("Sawsan"), about his proposed trip. Upon learning of the trip, Sawsan took Dandach's passport and hid it from him, and she took from Dandach the money that he intended to use in his travels overseas.

   b. During the interview of Ghassan, Ghassan called Sawsan on the phone in the presence of the agents and asked Sawsan where she hid the passport. Based on the response from Sawsan, Ghassan took agents into Dandach's house, led them to a closet, and in the closet he retrieved a purse. Agents found in the purse Dandach's December 2, 2013 passport.

8. On July 3, 2014, I had a telephone conversation with FBI agents and they told me the following occurred:

   a. On July 3, 2014, agents spoke to Ghassan. Ghassan told agents that after they left the residence of Dandach on July 2, 2014, Ghassan spoke to Dandach. Dandach told Ghassan that he knew Sawsan took his

December 2013 passport, and Dandach had not lost it as he claimed in his 2014 application. Ghassan told Dandach that Dandach perjured himself in the application for the June 2014 passport. Dandach admitted that he perjured himself in the passport application. Dandach claimed that he was ok with the fact that he perjured himself on the passport application and that he could face charges for the perjury. Dandach stated that he was more disappointed that he did not get to go to Syria than getting in trouble with law enforcement.

III. CONCLUSION

9. For all the reasons described above, I believe that there is probable cause to believe that DANDACH made a false statement in his application for a United States passport in violation of 18 U.S. C. § 1542.

/S/
Siddhartha Patel
Special Agent-FBI

Subscribed to and sworn before me
this 3rd day of July, 2014.
ARTHUR NAKAZATO
United States Magistrate Judge

Honorable Arthur Nakazato
United States Magistrate Judge