EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
CELESTE CORLETT (Cal. Bar No. pending)
Arizona State Bar No. 021724
Assistant United States Attorney
Terrorism and Export Crimes Section
    United States Federal Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:  (714) 338-35491
    Facsimile:  (714) 338-3708
    E-mail:   celeste.corlett@usdoj.gov
ANNAMARTINE SALICK (Cal. Bar No. pending)
New York State Bar No. 5076385
Trial Attorney
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3424
    Facsimile:  (213) 894-6436
    E-mail:   annamartine.salick2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>               v.<br><br>ADAM DANDACH,<br>  aka Fadi Fadi Dandach,<br><br>             Defendant. | No. SA CR 14-0109(A)-JVS<br><br>**PLEA AGREEMENT FOR DEFENDANT**<br>**ADAM DANDACH** |

     1.   This constitutes the plea agreement between ADAM

DANDACH, also known as "Fadi Fadi Dandach" ("defendant"), and

1  the United States Attorney's Office for the Central District of
2  California ("USAO") in the above-captioned case.  This agreement
3  is limited to the USAO and cannot bind any other federal, state,
4  local, or foreign prosecuting, enforcement, administrative, or
5  regulatory authorities.

6  **DEFENDANT'S OBLIGATIONS**

7       2.   Defendant agrees to:

8       a.   Give up the right to indictment by a grand jury and,
9  at the earliest opportunity requested by the USAO and provided
10 by the Court, appear and plead guilty to a two-count Second
11 Superseding Information in the form attached to this agreement
12 as Exhibit A, which charges defendant with Attempting to Provide
13 Material Support to a Designated Foreign Terrorist Organization,
14 in violation of 18 U.S.C. § 2339B, and False Statement in a
15 Passport Application, in violation of 18 U.S.C. § 1542.

16      b.   Not contest facts agreed to in this agreement.

17      c.   Abide by all agreements regarding sentencing contained
18 in this agreement.

19      d.   Appear for all court appearances, surrender as ordered
20 for service of sentence, obey all conditions of any bond, and
21 obey any other ongoing court order in this matter.

22      e.   Not commit any crime; however, offenses that would be
23 excluded for sentencing purposes under United States Sentencing
24 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c)
25 are not within the scope of this agreement.

26      f.   Be truthful at all times with Pretrial Services, the
27 United States Probation Office, and the Court.

28      g.   Pay the applicable special assessments at or before

the time of sentencing unless defendant lacks the ability to pay
and prior to sentencing submits a completed financial statement
on a form to be provided by the USAO.

**THE USAO'S OBLIGATIONS**

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement.

c.   At the time of sentencing, move to dismiss the
underlying indictments as against defendant.  Defendant agrees,
however, that at the time of sentencing the Court may consider
any dismissed charges in determining the applicable Sentencing
Guidelines range, the propriety and extent of any departure from
that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up
to and including the time of sentencing, recommend a two-level
reduction in the applicable Sentencing Guidelines offense level,
pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
move for an additional one-level reduction if available under
that section.

e.   Except for criminal tax violations (including
conspiracy to commit such violations chargeable under 18 U.S.C.
§ 371), not further criminally prosecute defendant for
violations arising out of defendant's conduct described in the
agreed-to factual basis set forth in paragraph 12 below.
Defendant understands that the USAO is free to criminally
prosecute defendant for any other unlawful past conduct or any

1    unlawful conduct that occurs after the date of this agreement.
2    Defendant agrees that at the time of sentencing the Court may
3    consider the uncharged conduct in calculating the applicable
4    Sentencing Guidelines range, the propriety and extent of any
5    departure from that range, and the sentence to be imposed after
6    consideration of the Sentencing Guidelines and all other
7    relevant factors under 18 U.S.C. § 3553(a).
8         f.    Recommend that defendant be sentenced to no higher
9    than a 20-year term of imprisonment, based on the unique facts
10   and circumstances of this particular case.
11   **NATURE OF THE OFFENSES**
12        4.    Defendant understands that for defendant to be guilty
13   of the crime charged in Count One of the Second Superseding
14   Information, that is, attempting to provide material support to
15   a foreign terrorist organization, in violation of Title 18,
16   United States Code, Section 2339B, the following must be true:
17        a.    First, defendant intended to provide material support
18   or resources to a designated foreign terrorist organization;
19        b.    Second, defendant did something that was a substantial
20   step toward committing the crime of providing material support
21   or resources to a designated foreign terrorist organization; and
22        c.    Third, defendant knew that the organization was a
23   designated foreign terrorist organization, or that the
24   organization had engaged or engages in terrorist activity, or
25   that the organization had engaged or engages in terrorism.
26        d.    Defendant understands that mere preparation is not a
27   substantial step toward committing the crime.  To constitute a
28   substantial step, a defendant's act or actions must demonstrate

4

1    that the crime will take place unless interrupted by independent
2    circumstances.

3           e.    Defendant understands that the term "material support
4    or resources" means any property, tangible or intangible, or
5    services, including personnel.  Defendant also understands that
6    the meaning of the term "personnel" includes an individual (who
7    may be or include himself) to work under the designated foreign
8    terrorist organization's direction or control.

9           5.    Defendant understands that for defendant to be guilty
10   of the crime charged in Count Two of the Second Superseding
11   Information, that is, false statement in a passport application,
12   in violation of Title 18, United States Code, Section 1542, the
13   following must be true:

14          a.    First, Defendant made a false statement in an
15   application for a United States passport;

16          b.    Second, Defendant made the statement intending to get
17   a United States passport for his own use;

18          c.    Third, Defendant acted knowingly and willfully.

19   **PENALTIES**

20          6.    Defendant understands that the statutory maximum
21   sentence that the Court can impose for a violation of Title 18,
22   United States Code, Section 2339B is: 15 years imprisonment; a
23   lifetime period of supervised release; a fine of $250,000 or
24   twice the gross gain or gross loss resulting from the offense,
25   whichever is greatest; and a mandatory special assessment of
26   $100.

27          7.    Defendant understands that the statutory maximum
28   sentence that the Court can impose for a violation of Title 18,

United States Code, Section 1542 is: 10 years imprisonment; not more than three years period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 25 years imprisonment; a lifetime period of supervised release; a fine of $500,000; and a mandatory special assessment of $200.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

6

supervised release in another case and suspension or revocation
of a professional license.  Defendant understands that
unanticipated collateral consequences will not serve as grounds
to withdraw defendant's guilty plea.

11.  Defendant understands that, if defendant is not a
United States citizen, the felony conviction in this case may
subject defendant to: removal, also known as deportation, which
may, under some circumstances, be mandatory; denial of
citizenship; and denial of admission to the United States in the
future.  The Court cannot, and defendant's attorney also may not
be able to, advise defendant fully regarding the immigration
consequences of the felony conviction in this case.  Defendant
understands that unexpected immigration consequences will not
serve as grounds to withdraw defendant's guilty plea.

**FACTUAL BASIS**

12.  Defendant admits that defendant is, in fact, guilty of
the offenses to which defendant is agreeing to plead guilty.
Defendant and the USAO agree to the statement of facts provided
below and agree that this statement of facts is sufficient to
support plea of guilty to the charges described in this
agreement, but is not meant to be a complete recitation of all
facts relevant to the underlying criminal conduct or all facts
known to either party that relate to that conduct.

On October 15, 2004, the United States Secretary of State
designated al-Qa'ida in Iraq ("AQI"), then known as Jam'at al Tawhid
wa'al-Jihad, as a Foreign Terrorist Organization ("FTO") under
Section 219 of the Immigration and Nationality Act.  On May 15,
2014, the Secretary of State amended the designation of AQI as a

7

1  an FTO under Section 219 of the Immigration and Nationality Act
2  to add the alias Islamic State of Iraq and the Levant ("ISIL")
3  as its primary name, and various aliases including the Islamic
4  State of Iraq and al-Sham ("ISIS").[1]  Thus, continuously since
5  October 15, 2004, ISIL has been a designated foreign terrorist
6  organization.

7       Defendant is a citizen of the United States and at all
8  times relevant to this case resided in the Central District of
9  California.

10      Beginning in approximately November 2013 and continuing
11 through July 2, 2014, defendant attempted to travel from the
12 United States to Syria for the purpose of providing material
13 support and resources, including services and personnel, namely
14 himself, to ISIL, knowing he would be working, and intending to
15 work, under ISIL's direction and control.  At all relevant
16 times, defendant acted knowingly and intentionally; defendant
17 knew that ISIL was a designated foreign terrorist organization
18 and had engaged in, and was engaging in, terrorist activity and
19 terrorism.  At all relevant times, defendant knew that ISIL's
20 goal was to intimidate and coerce a civilian population;
21 influence the policy of a government by intimidation and
22 coercion, and affect the conduct of a government by mass
23 destruction, assassinations, and kidnappings.

24      From approximately March 2013 through July 2, 2014,
25 defendant supported violent jihad against persons he considered

26

27 ────────────────
   [1] Hereinafter, the name "ISIL" will be utilized to reference the
28 organization and its various names.

1   "occupiers" of Afghanistan, Iraq, and Syria.

2       Defendant first attempted to travel to Syria for these
3   purposes in December 2013.  He requested an expedited passport
4   in November 2013, and received it in December 2013.  Defendant
5   booked a flight and he intended to fly on December 25, 2013 to
6   Istanbul, Turkey.  Defendant's travel was delayed when a family
7   member, upon learning of his intended travel, took away from
8   defendant his United States passport and the money he intended
9   to use to travel to Syria.

10      Afterwards, defendant continued to make plans to carry out
11  his intention to provide material support and resources to ISIL.
12  Defendant corresponded and planned with others who were in
13  Syria, including at least one person who was in Syria fighting
14  for ISIL, so he could travel to Syria to work under the
15  direction and control of ISIL.  Defendant obtained information
16  and guidance to achieve this purpose, including booklets on how
17  to travel to Syria, flights to the area, and maps of ISIL-
18  controlled areas.  Defendant applied for an expedited 2014
19  passport and falsely stated on his application that he had lost
20  his 2013 passport when he accidently threw it in the trash in
21  June 2013.  Defendant knew at the time that he made the
22  statement it was false.  Defendant knew that his family member
23  had taken his passport from him in December 2013, and he had not
24  lost it.

25      On July 1, 2014, defendant obtained his 2014 passport from
26  the State Department.  On the same date, defendant booked a July
27  2, 2014 flight from Santa Ana, California to Istanbul, Turkey.
28  After arriving in Istanbul, defendant intended to travel from

1  Istanbul to Syria.

2       On July 2, 2014, defendant arrived at the John Wayne
3  Airport in Santa Ana California.  He had luggage, including a
4  laptop computer and a Smartphone.[2]  Located in the Smartphone, he
5  had downloaded nasheeds (jihadi songs) supporting ISIL fighting,
6  maps of ISIL controlled areas, Twitter updates on ISIL fighting
7  in Syria and Iraq, and a pamphlet on how to reach a Syrian
8  border city from Istanbul (which he last accessed on July 2,
9  2014).  On July 2, 2014, defendant emailed his friend that he
10 did not know why people did not step forward and help the
11 situation, and complained "how people expect a khilafah to arise
12 without bloodshed" and claimed that "it's a golden opportunity."
13 On the same date, approximately two hours before his scheduled
14 flight to Istanbul, Turkey, defendant presented his 2014
15 passport to the Delta Air Lines agent in an attempt to fly to
16 Istanbul, Turkey.

17      On July 2, 2014, defendant admitted to Federal Bureau of
18 Investigation ("FBI") Special Agents that he intended on that
19 date to fly to Istanbul, Turkey and his ultimate destination was
20 ISIL-controlled Syria.  He intended to pledge allegiance to the
21 leader of ISIL, Al-Baghdadi.  And, he intended to live under the
22 control of ISIL.  Defendant intended to take weapons training
23 from ISIL to defend himself.  Further, defendant told FBI
24 Special Agents that ISIL had declared a caliphate on June 29,
25 2014, and that it was mandatory for every Muslim who is able to

26

27 [2] A Smartphone is a mobile phone with more advanced computing
   capability, including increased storage capacity and social
28 media communications.

10

migrate to the land of Islam.  He admitted that he stated that if someone wants to invade "our land, we have to fight back." Defendant considered the invaded lands to be Afghanistan, Iraq, and Syria.

**SENTENCING FACTORS**

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other Section 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14.  Defendant and the USAO agree that the following is the applicable Sentencing Guidelines calculation:

/ / /

    a.   <u>Violation of 18 U.S.C. § 2339B</u>:

| | |
|---|---|
| Base Offense Level: | 26 (U.S.S.G. § 2M5.3) |
| Specific Offense Characteristic: | +2 (U.S.S.G. § 2M5.3(b)(1)(E)) |
| Terrorism Adjustment: | +12 (U.S.S.G. § 3A1.4(a)) |

Defendant and the USAO agree that pursuant to the application of USSG § 3A1.4(b), defendant's criminal history category under the Sentencing Guidelines will be Category VI.

    b. <u>Violation of 18 U.S.C. § 1542(c)(1)</u>

| | |
|---|---|
| Base Offense Level: | 8(U.S.S.G. § 2L2.2(a)) |
| Specific Offense Characteristic: | +4 (U.S.S.G. § 2L2.2(b)(3)) |
| Terrorism Adjustment: | increase to offense level 32 |
| | (U.S.S.G. § 3A1.4(a)). |

15.   Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.   Except as set forth in paragraph 3 and 14 above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Except as set forth in paragraph 3 and 14, both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

/ / /

1  WAIVER OF CONSTITUTIONAL RIGHTS

2      18.   Defendant understands that by pleading guilty,

3  defendant gives up the following rights:

4      a.   The right to persist in a plea of not guilty.

5      b.   The right to a speedy and public trial by jury.

6      c.   The right to be represented by counsel – and if

7  necessary have the court appoint counsel - at trial.  Defendant

8  understands, however, that, defendant retains the right to be

9  represented by counsel – and if necessary have the court appoint

10  counsel - at every other stage of the proceeding.

11      d.   The right to be presumed innocent and to have the

12  burden of proof placed on the government to prove defendant

13  guilty beyond a reasonable doubt.

14      e.   The right to confront and cross-examine witnesses

15  against defendant.

16      f.   The right to testify and to present evidence in

17  opposition to the charges, including the right to compel the

18  attendance of witnesses to testify.

19      g.   The right not to be compelled to testify, and, if

20  defendant chose not to testify or present evidence, to have that

21  choice not be used against defendant.

22      h.   Any and all rights to pursue any affirmative defenses,

23  Fourth Amendment or Fifth Amendment claims, and other pretrial

24  motions that have been filed or could be filed.

25      i.   Understanding that the government has in its

26  possession digital devices and/or digital media seized from

27  defendant, defendant waives any right to the return of digital

28  data contained on those digital devices and/or digital media and

13

1  agrees that if any of these digital devices and/or digital media
2  are returned to defendant, the government may delete all digital
3  data from those digital devices and/or digital media before they
4  are returned to defendant.

5  **WAIVER OF APPEAL OF CONVICTION**

6       19.  Defendant understands that, with the exception of an
7  appeal based on a claim that defendant's guilty pleas were
8  involuntary, by pleading guilty defendant is waiving and giving
9  up any right to appeal defendant's convictions on the offenses
10  to which defendant is pleading guilty.

11  **WAIVER OF APPEAL AND COLLATERAL ATTACK**

12       20.  Defendant gives up the right to appeal all of the
13  following: (a) the procedures and calculations used to determine
14  and impose any portion of the sentence; (b) the term of
15  imprisonment imposed by the Court, provided it is within the
16  statutory maximum; (c) the fine imposed by the Court, provided
17  it is within the statutory maximum; (d) the term of probation or
18  supervised release imposed by the Court, provided it is within
19  the statutory maximum; and (e) any of the following conditions
20  of probation or supervised release imposed by the Court: the
21  standard conditions set forth in General Orders 318, 01-05,
22  and/or 05-02 of this Court; the drug testing conditions mandated
23  by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug
24  use conditions authorized by 18 U.S.C. § 3563(b)(7).

25       21.  Defendant also gives up any right to bring a post-
26  conviction collateral attack on the conviction or sentence,
27  except a post-conviction collateral attack based on a claim of
28  ineffective assistance of counsel, a claim of newly discovered

14

1 | evidence, or an explicitly retroactive change in the applicable
2 | Sentencing Guidelines, sentencing statutes, or statutes of
3 | conviction.

4 |     22.  This agreement does not affect in any way the right of
5 | the USAO to appeal the sentence imposed by the Court.

6 | **RESULT OF WITHDRAWAL OF GUILTY PLEA**

7 |     23.  Defendant agrees that if, after entering a guilty plea
8 | pursuant to this agreement, defendant seeks to withdraw and
9 | succeeds in withdrawing defendant's guilty pleas on any basis
10 | other than a claim and finding that entry into this plea
11 | agreement was involuntary, then (a) the USAO will be relieved of
12 | all of its obligations under this agreement; and (b) should the
13 | USAO choose to pursue any charge that was either dismissed or
14 | not filed as a result of this agreement, then (i) any applicable
15 | statute of limitations will be tolled between the date of
16 | defendant's signing of this agreement and the filing commencing
17 | any such action; and (ii) defendant waives and gives up all
18 | defenses based on the statute of limitations, any claim of pre-
19 | indictment delay, or any speedy trial claim with respect to any
20 | such action, except to the extent that such defenses existed as
21 | of the date of defendant's signing this agreement.

22 | **RESULT OF VACATUR, REVERSAL OR SET-ASIDE**

23 |     24.  Defendant agrees that if any count of conviction is
24 | vacated, reversed, or set aside, or the terrorism enhancement
25 | under U.S.S.G. § 3A1.4 imposed by the Court to which the parties
26 | stipulated in this agreement is vacated or set aside, the USAO
27 | may: (a) ask the Court to resentence defendant on any remaining
28 | counts of conviction, with both the USAO and defendant being

15

released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

**EFFECTIVE DATE OF AGREEMENT**

25.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

**BREACH OF AGREEMENT**

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.  Following

the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

**COURT AND PROBATION OFFICE NOT PARTIES**

27.    Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or

17

1   the parties' agreements to facts or sentencing factors.

2       28.  Defendant understands that both defendant and the USAO
3   are free to: (a) supplement the facts by supplying relevant
4   information to the United States Probation Office and the Court,
5   (b) correct any and all factual misstatements relating to the
6   Court's Sentencing Guidelines calculations and determination of
7   sentence, and (c) argue on appeal and collateral review that the
8   Court's Sentencing Guidelines calculations and the sentence it
9   chooses to impose are not error, although each party agrees to
10   maintain its view that the calculations in paragraph 14 are
11   consistent with the facts of this case.  While this paragraph
12   permits both the USAO and defendant to submit full and complete
13   factual information to the United States Probation Office and
14   the Court, even if that factual information may be viewed as
15   inconsistent with the facts agreed to in this agreement, this
16   paragraph does not affect defendant's and the USAO's obligations
17   not to contest the facts agreed to in this agreement.

18       29.  Defendant understands that even if the Court ignores
19   any sentencing recommendation, finds facts or reaches
20   conclusions different from those agreed to, and/or imposes any
21   sentence up to the maximum established by statute, defendant
22   cannot, for that reason, withdraw defendant's guilty plea, and
23   defendant will remain bound to fulfill all defendant's
24   obligations under this agreement.  Defendant understands that no
25   one -- not the prosecutor, defendant's attorney, or the Court --
26   can make a binding prediction or promise regarding the sentence
27   defendant will receive, except that it will be within the
28   statutory maximum.

1   NO ADDITIONAL AGREEMENTS

2         30.   Defendant understands that, except as set forth

3   herein, there are no promises, understandings, or agreements

4   between the USAO and defendant or defendant's attorney, and that

5   no additional promise, understanding, or agreement may be

6   entered into unless in a writing signed by all parties or on the

7   record in court.

8   / / /

19

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

31.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED


UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

EILEEN M. DECKER
United States Attorney

_____          8/10/2015
B. CELESTE CORLETT                       Date
Assistant United States Attorney


_____          8/10/2015
ANNAMARTINE SALICK                       Date
Trial Attorney


_____          10AUG15
ADAM DANDACH                             Date
Defendant


_____          10AUG15
PAL LENGYEL-LEAHU                        Date
Attorney for Defendant
ADAM DANDACH


### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights,

20

of possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of
relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.  No promises,
inducements, or representations of any kind have been made to me
other than those contained in this agreement.  No one has
threatened or forced me in any way to enter into this agreement.
I am satisfied with the representation of my attorney in this
matter, and I am pleading guilty because I am guilty of the
charges and wish to take advantage of the promises set forth in
this agreement, and not for any other reason.

_____                 10 AUG 2015
ADAM DANDACH                                     Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ADAM DANDACH's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my
client.  Further, I have fully advised my client of his rights,
of possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of
relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.  To my knowledge:
no promises, inducements, or representations of any kind have
been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way
to enter into this agreement; my client's decision to enter into

21

1  this agreement is an informed and voluntary one; and the factual

2  basis set forth in this agreement is sufficient to support my

3  client's entry of a guilty plea pursuant to this agreement.

4

5  _____          10 AUG 2015
   PAL LENGYEL-LEAHU                       Date

6  Attorney for Defendant
   ADAM DANDACH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28