Pal Lengyel-Leahu  CA SBN147153
Imhoff & Associates, P.C.
12424 Wilshire Blvd., Ste 770
Los Angeles, CA  90025
(310) 315-1100 phone
(310) 566-5169 fax
plitigate@aol.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADAM DANDACH,<br><br>　　　　Defendant. | Case No.: SA CR 14-109-JVS<br><br>DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT |

Comes now Defendant, ADAM DANDACH, by and through counsel, and for his Objections to the Presentence Investigation Report states:

Probation Officer Joseph Abrams is to be commended for the thoroughness of the Presentence Investigation Report.

DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT - 1

The undersigned received the Presentence Investigation Report on 14 October 2015 and it was given to Mr. Dandach that week for review. The undersigned met with Mr. Dandach at the Santa Ana Jail in Santa Ana, CA and went through the Presentence Investigation Report paragraph by paragraph with Mr. Dandach. He advised the undersigned which objections he desired to make to the report. The following objections are made with Defendant Dandach's knowledge and at his behest.

## OBJECTIONS

1. Defendant objects to date of arrest list at July 3, 2015 under "Release Status" on page 1. Defendant was arrested on July 3, 2014.

2. Defendant objects to paragraph 11 and states a continuing objection to the date of designation of "ISIL" as a Foreign Terrorist Organization.

3. Defendant objects to paragraph 13 and objections to statement "Beginning in approximately November 2013……Dandach knew that ISIL was a designated FTO and had engaged in, and was engaging in, terrorist activity and terrorism." As established at the mitigation hearing, ISIL and/or ISIS was not designated as an FTO in November 2013 so it is impossible for Mr. Dandach to have known either group was a designated FTO as neither had been designated at that time. Mr. Dandach further objects to the statement "Dandach further knew that ISIL's goal was to intimidate and coerce a

civilian population, influence the policy of a government by intimidation and coercion, and affect the conduct of a government by mass destruction, assassinations, and kidnappings." Mr. Dandach objected strongly during his mitigation hearing to the suggestion that he knew of the full nature of ISIL or ISIS prior to his arrest in July 2014. Mr. Dandach further objects to the language of "mass destruction" as there has been no evidence given or agreed to that ISIL or ISIS have been engaged in "mass destruction". As the government is aware, in 2013, the group known as ISIS/ISIL was a local insurgency whose stated intention was to overthrow first, the government of Iraq, and later, the government of Syria. These were local insurgencies involved in civil war in the respective geographical areas of these countries without ambitions beyond those boarders. President Obama famously, publically declared that serious threat of terrorism from this region had been quelled and he derided these groups as mere "junior varsity" pretenders.

4. Defendant objects to paragraph 14 and states that in December 2013, ISIL and/or ISIS was not a designated FTO and so he could not have traveled to Syria for the purpose of aiding a designated FTO at that time. Defendant further states his plans in December 2013 were to join a charitable aid convoy.

5. Defendant objects to paragraph 22. There is no evidence in the record that Defendant's sister deleted any posts of Adam Dandach and despite the government conducting a comprehensive search of Defendant's electronic media, no evidence has been discovered that would support these allegations.

6. Defendant objects to paragraph 29. Prior to his arrest, the group known as ISIS/ISIL had been engaged in local insurgencies to overthrow the governments of Iraq and Syria. The fact that they were added to the list of Foreign Terrorist Organizations (i.e. published in the Federal Register) in May 2014 by the US State Department is sufficient factual basis for the confessed crime, even if Defendant was hoping to provide nothing more than charitable work within the areas controlled by this organization. It is of significant relevance that ISIS/ISIL was not engaged in the wanton killing of civilian prisoners and combatants that made extraordinary public outcry until after Defendant's arrest. It was after Defendant's arrest when the Jordanian pilot was set on fire. It was after Defendant's arrest that certain prisoners were executed. It was after Defendant's arrest that the Christians were martyred on the beach of Libya. It was after Defendant's arrest that the caliphate actively promoted global jihad and killings were carried out, if not

under the direction, giving credit to the Islamic State as an act in furtherance of their stated global agenda.

7. Defendant objects to paragraph 34 because he had been told by his mother that she had disposed of his passport. The falsehood in the passport application stemmed from his statement that he had inadvertently discarded the passport when his understanding and belief was that his mother had disposed of it. Had he known it was still in the house and available to him, he never would have applied for its replacement, he simply would have looked for it diligently in their small apartment.

8. Defendant objects to paragraph 49 and states his objection to the Statement that he expressed a desire to "seek revenge for his incarceration and asks other Muslims to come to his aid" as an inaccurate summary of his poetry and writings. In truth and in fact, the poem in question acknowledges that "revenge will come when you are standing in front of God." This belief is universally held by people of all faiths and seeks no personal revenge or justice upon any person or group.

9. Defendant objects to paragraph 70 in that he suffered from obesity until he was 19 years of age.

10. Defendant objects to paragraph 73 and states he has never actually been to a shooting range with his brother and has never actually fired, or even held, a handgun in his life

11. Defendant objects to paragraph 76 as it fails to mention part of his "coping" mechanism includes his writings which are viewed as therapeutic and a means to give voice to the issues he grapples with yet he adamantly rejects the killing of innocent lives and perceives such actions as against the teachings of his religion.

12. Defendant objects to paragraph 102.  His poetic expressions were taken out of context and the criticism ignores the fact that they represent a voice, and not necessarily his own voice, and quite explicitly state they are from the point of view of the perpetrators, and they should not be attributed to his personal feelings or tendencies.

WHEREFORE, Defendant hereby files his objections to the Presentence Investigation Report and requests a Hearing where the Government would be required to carry its burden to prove the conclusions contained in the PSR.

/s/  PAL LENGYEL-LEAHU
-------------------------------------------------
Pal Lengyel-Leahu
Attorney for Defendant Dandach_____